## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### EUBANK'S EX'OR V. SMITH.

#### February 15th, 1883.

1. PRACTICE AT COMMON LAW—*Demurrer to evidence—Joinder.*—In Virginia either party may demur to the evidence, and the court compel a joinder; but the court's action is subject to review.

2. IDEM—*Province of the jury.*—Where the case is plainly against the demurrant, or where there is doubt as to the facts proved by, or the proper inferences deducible from the evidence, the court should always refuse to compel a joinder in the demurrer; for to do so would be to usurp the province of the jury.

3. IDEM—*Case at bar* is one where, in the opinion of this court, there was sufficient doubt as to the facts established and the proper inferences to be drawn, to make it improper to withdraw the case from the consideration of the jury.

Error to judgment of circuit court of King William county. The object of the suit was to recover the amount due on a bond.

At the trial the plaintiff filed a demurrer to the defendant's evidence, which is as follows:

Be it remembered, that after the jury was sworn to try the issue joined in this cause, the plaintiff, to prove and maintain the said issue on his part, showed in evidence to the jury a bond in the words and figures following, to-wit:

$1,510.

One day after date we promise to pay, or cause to be paid to Thomas C. Smith the just and full sum of fifteen hundred and ten dollars ―― cents for value received. For the punctual

payment of which we bind ourselves and heirs, executors, administrators and assigns.

As witness our hand and seal, this, the 16th day of February, 1854.

RICHARD EUBANK,   [Seal.]

THOMAS G. EUBANK, [Seal.]

On which bond are the following endorsements: February 16th, 1857, credit by cash on the within bond two hundred and eighty-two dollars.

Credit the within by forty-seven and five-onehundreths dollars ($47.05), as of the 26th day of February, 1859, that being balance due on bond of T. C. Smith to Eubank and Powell, assigned by Powell to R. Eubank, and by four hundred and ninety dollars ($490), as of the 16th September, 1869, the same being the purchase price of land bought by T. C. Smith of R. Eubank as executor of Lucy Ship.

And the plaintiff introduced a witness, George P. Haw, by whom it was proved that the last endorsements of credits on the said bond was wholly in his handwriting, and witnessed by himself. And thereupon the said defendant, to prove and maintain the said issue on his part, showed in evidence to the jury by a witness, Mrs. M. J. Tuck, that she is the stepdaughter of Richard Eubank, Sr.; that she resided with him during his life; was very familiar with his business matters, being frequently called on by him; that she had heard frequent conversations between him and the plaintiff in this action; that the plaintiff frequently applied to him in her presence to assign him a deed of trust executed by Horace A. Richards, conveying to W. R. B. Wyatt, as trustee, a tract of three hundred and forty-two acres of land in the county of Caroline, to secure to the said Richard Eubank the payment of a bond due R. Eubank; that finally said Richard Eubank did give to him said bond, and that she heard a conversation between Mr. R.

Eubank and Mr. Smith she thinks in 1872, and after Mr. Smith had been to the bankrupt court, in which Mr. Smith, in speaking of the deed of trust that had then been assigned him, said that he was satisfied, and would never call on Mr. Eubank for anything more; that she has frequently heard Mr. Smith say, and remembers particularly once, about two years ago, that he was satisfied, and didn't wish Mr. Eubank to pay him another cent, and that he also said this since this suit was instituted; that Mr. Smith, when he applied to Mr. Richard Eubank to assign him the deed of trust, said he would take it in settlement in full, and gave as one reason for desiring this deed, that he had hard feelings towards Richards, and wanted to sell him, and would do it if he got the deed, and if Mr. Eubank didn't give him this deed, he would sell him, Mr. Eubank, out. Mr. Eubank offered him other bonds, but he preferred this one, and would take no other for the reasons assigned.

That when Mr. Eubank returned from the bankrupt court she saw a receipt which was given for the said bond of Richards, which was then produced, which is in the words and figures following, to-wit:

Received of Richard Eubank, Sr., this 7th day of August, 1871, a bond of Horace A. Richards, executed to the said Richard Eubank for the payment of eleven hundred dollars ($1,100) on demand, and dated the 30th day of January, 1860, and subject to the following credits, to-wit:

Sixty-six dollars ($66) as of the 10th day of May, 1862; sixty-six dollars ($66) as of the 23d day of September, 1867; sixty-six dollars ($66) as of the 11th day of August, 1868, and of two hundred dollars ($200) as of the 2nd of February, 1870, said bond (which is secured by a deed of trust on land in Caroline county) to be collected by me, and the proceeds, after paying all costs of enforcing the said trust deed, &c., to be applied by

me as a credit on a bond executed by the said Richard Eubank, Sr., and Thomas Eubank to me for $1,510, dated the 16th day of February, 1854, upon which there are several credits.

his

THOMAS ⋈ C. SMITH.

mark.

GEO. P. HAW, witness.

That she does not know whether the bond and deed of trust was delivered to Mr. Smith before or after the execution of the receipt, nor can she can locate definitely the dates of the interviews between Mr. Smith and Richard Eubank, of which she has spoken, except the one which (when he returned from the bankrupt court) was in 1872; and the defendants produced a receipt in the words and figures following, to-wit:

[NOTE.—This receipt is the same last copied.]

And thereupon the defendants introduced, and another witness, one Jacob Cohen, who proved that he acted as attorney in fact and counsel for the plaintiff in representing the bond and deed of trust assigned by said Richard Eubank to Smith, before the bankrupt court, in the matter of Horace Richards, bankrupt. That said bond was proven as a debt against said Richards in the registrar's office on the 14th day of October, 1871, by Richard Eubank, who then visited the bankrupt court for that purpose—that he was employed as attorney in fact and counsel for said Smith a short while before the second sale of said land conveyed in said deed of trust, which sale took place 25th February, 1873; that he then learned that the land at the first sale, which took place in January, 1872, was struck out to Richard Eubank, Sr., who substituted the plaintiff as purchaser in his stead, and that the assigned accepted him as such purchaser, but the said Smith failing to comply with the terms of said sale, and that hence a resale was

ordered. That learning from the assignee that he would
not accept the bid of said Smith at, this sale, because of
his failure to comply with the terms of the first sale; that the
said Smith transferred to him the said bond and deed of. trust
to be used in the purchase of said land in his own name for him,
the said Smith, with the understanding that when the said Smith
had reimbursed him what he should pay out in said purchase
and what Smith owed him, that he would then convey the land
to Smith; that at said sale the land was struck out to him,
Jacob Cohen, who paid the cost required, $150, making net
balance from said sale $1,075, in payment of said sum he re-
ceipted the bond; the said bond he will not be sure whether he
receipted the bond in full or only for the sum of $1,075, and de-
livered the said bond together with the power of attorney given
me by T. C. Smith to William H. Allderdice, assignee of Horace
Richards, because Allderdice, assignee, refused to deliver a deed
for the land until these papers were delivered up, the cost having
been paid. The said Allderdice is not now a resident of the
state of Virginia, and the said bond and power of attorney can
not now be found, though diligent search has been made for
them; that he still holds the deed to the land, and will, at any
time, convey it to Smith if he will comply with the terms agreed
upon between them, but there is no written contract between
him and Smith, nor has Smith in any manner performed his
contract, though he, Smith, is in possession at this time, and has
been ever since the sale; that at the first sale the land brought
$1,368, and that the costs of that sale ought not to -have ex-
ceeded $125; that the reason Smith didn't comply with the
terms of the first sale was because he, Cohen, advised him
not to do so, because the trustee in the deed of trust before
mentioned didn't join in the sale of the land, and that in the
last sale in which he purchased, the trustee did join both in
the sale and conveyance, and received a part of the commissions,
he advised him before he was employed in the case and before
the power of attorney was executed. At the time of execution

of the power of attorney, the second sale was advertised, he consulted with me, though I was not employed in this cause, nor was I practicing law at that time.

And the plaintiff says that the matter aforesaid, so shown in evidence to the jury by the defendant, is not sufficient in law to maintain the said issue on the part of the defendant, and that he, the plaintiff, is not bound by the law of the land to answer the same. Wherefore, for want of sufficient matter in that behalf to the said jury shown in evidence, the said plaintiff prays judgment, and that the jury aforesaid may be discharged from giving any verdict upon said issue, and that judgment may be awarded him by reason of the matters complained of, &c.

In this demurrer the court compelled the defendant to join, to which ruling he excepted, and the jury being discharged, the court rendered judgment on the demurrer for the plaintiff, to which judgment the executor of Thomas G. Eubank, deceased, obtained a writ of error and *supersedeas*. There were in the cause other proceedings, but the foregoing statement will suffice to illustrate the court's opinion on the point decided.

*G. P. Haw* and *W. R. Aylett*, for appellant.

*G. A. Jones* and *H. R. Pollard*, for appellee.

LEWIS, P., delivered the opinion of the court.

This was an action of debt, brought in the circuit court of King William county in 1875, by the defendant in error against the plaintiff in error, surviving executor of the will of Thomas G. Eubank, deceased. The object of the suit was to recover judgment on a bond for $1,510, executed jointly by the defendant's testator in his lifetime, and Richard Eubank, payable one day after date, and dated February 16, 1854.

The defendant pleaded payment, and also accord and satisfaction. At the trial, the plaintiff demurred to the evidence, in

which demurrer the court compelled the defendant to join; and the jury being thereupon discharged, the court pronounced judgment on the demurrer for the plaintiff.

The action of the court in compelling the defendant to join in the plaintiff's demurrer is assigned as error, and involves the only question presented, which we deem it necessary to consider.

By the established practice in Virginia, either party may demur to the evidence, and it is within the power of the court to compel a joinder in the demurrer. But it is a power to be exercised with discretion, and when exercised, the action of the court is subject to review in an appellate court. Where the case is plainly against the demurrant, or where there is doubt as to the facts proved by, or the proper inferences to be drawn from the evidence, the court should always refuse to compel a joinder in the demurrer. For to do so, would be to usurp the province of the jury, which, in such cases, is the most fit tribunal to decide. Notwithstanding, therefore, the demurrant by his demurrer is considered as admitting the truth of all his adversary's evidence, and all just inferences which can properly be drawn therefrom by a jury, and as waiving all his own evidence which conflicts with that of his adversary, and all inferences from his own evidence (although not in conflict with his adversary's) which do not necessarily result therefrom; yet, if upon the evidence thus presented for the consideration of the court, it is still a matter of doubt or uncertainty as to what facts are established, or what inferences are fairly deducible from the evidence, it is the duty of the court to refuse to compel a joinder in the demurrer, and to submit the case to the jury.

It is unnecessary to review the evidence copied into the demurrer in this case. It is sufficient to say, that after examining it carefully, we are satisfied that there was sufficient doubt as to the facts established and the proper inferences to be drawn, to make it improper to withdraw the case from the consideration of the jury, and that in doing so, the court plainly usurped the province of the jury.

The judgment of the court below must, therefore, be reversed, and the case remanded for a new trial.

The judgment was as follows:

This day came again the parties, by their counsel, and the court having maturely considered the transcript of the record of the judgment aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the circuit court erred in requiring the defendant in the court below (the plaintiff in error here) to join in the plaintiff's demurrer to the evidence. It is, therefore, considered by the court that for the error aforesaid the said judgment of the said circuit court be reversed and annulled, and that the plaintiff in error recover against the defendant in error his costs by him expended in the prosecution of his said writ of error and *supersedeas* here. And this cause is remanded to the said circuit court for a new trial to be had therein.

Which is ordered to be certified to said circuit court of the county of King William.

JUDGMENT REVERSED.